# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSEPH K. ROBLES, et al., <br><br> Plaintiffs <br><br> v. <br><br> WAL-MART PUERTO RICO, INC., et al., <br><br> Defendant | CIVIL NO. 17-1142 (GAG) |

## OPINION AND ORDER

Pending before the court is plaintiffs' motion for imposition of sanctions under Federal Rule of Civil Procedure 37(b) and plaintiffs' motion to amend the scheduling order. ECF Nos. 38, 58.

Wal-Mart Puerto Rico, Inc. ("Wal-Mart") failed to answer plaintiffs' written discovery requests in a timely manner, that is by February 2, 2018. If Wal-Mart was having problems contacting representatives or employees due to the aftermath of Hurricane María, the proper course of action was not to ignore the court's deadlines and wait until March 13, 2018 to answer plaintiffs' interrogatories (ECF No. 42), but rather to seek from the court an extension of time before the deadline expired, explaining the justification for such request.

The court will not get itself bogged down on technicalities along the lines that a court order compelling discovery to be produced is necessary before sanctions can be imposed. The original deadline set by the court for answers to written discovery requests was December 18, 2018. ECF No. 35. This deadline was eventually extended by the court to February 2, 2018. ECF No. 37. These deadlines were not mere suggestions; they were orders issued by the court. The mere fact that the court chooses to adopt a deadline suggested by the parties does not make it any less of an order and failure to comply with an order of the court can result in the imposition of sanctions.

On the other hand, plaintiffs failed to produce in a timely manner, that is by February 2,

2018, signed answers to Wal-Mart's written discovery requests. The fact that they were not signed was brought to plaintiffs' attention in Wal-Mart's opposition to plaintiffs' motion for the imposition of sanctions (ECF No. 39) and again on an informative motion filed on March 13, 2018 (ECF No. 42). Failure to sign the answers to interrogatories or requests for admissions is not a minor clerical mistake. The answers to these discovery requests are under penalty of perjury and could potentially be used in the future in dispositive motions and for impeachment purposes at trial. Therefore, unsigned answers to written discovery requests such as interrogatories are unacceptable. In sum, plaintiffs are also at fault for failing to comply with the court's deadlines.

Plaintiffs have presented a motion to amend the schedule applicable to this case. ECF No. 58. Plaintiffs want further changes to the discovery timetable due to the unavailability of one of their lawyers for reasons that are not in controversy. The court has been patient and lenient so far in this case. The first timetable was set on October 31, 2017. ECF No. 35. The parties jointly requested a modification of the same on January 24, 2018, and the court granted said request the following day. ECF Nos. 36, 37. On April 30, 2018, the parties again requested a modification of the deadlines on April 30, 2018, and on May 2, 2018, the court approved the suggested modification. ECF Nos. 48, 49. On June 28, 2018, the parties yet again filed a motion to amend the scheduling order, and the court for the third time agreed to amend the same. ECF Nos. 53, 54. Unfortunately, rather than using efficiently the extensions granted by the court to complete the discovery in this case, the parties have decided to employ their resources into litigating collateral matters that could have easily been taken care of with reasonableness, pragmatism, good faith and communication. Instead, they have chosen to invoke the court's intervention.

With respect to the motion for sanctions (ECF No. 37), the same is NOTED. Both plaintiffs and defendant are hereby admonished for their failure to comply with the court's deadlines and directives. With regard to the most recent motion to amend the scheduling order (ECF No. 58), the same is DENIED WITHOUT PREJUDICE. There is no shortage of attorneys in this case. Plaintiffs are represented by four attorneys and defendant by three. The fact that one attorney is not available – even for reasons that are valid and beyond that attorney's control – is not a sufficient basis to alter for the fourth time the deadlines set by the court.

On or before November 28, 2018, the attorneys for the parties shall meet <u>in person</u>. If necessary because of scheduling conflicts, the attorneys shall meet after or outside of ordinary business hours. In that meeting, they shall prepare a <u>detailed</u> list of what has been accomplished

in terms of discovery in this case and a <u>detailed</u> list of what remains to be done. Furthermore, the parties shall attempt to reach a consensus as to proposed deadlines to conclude the discovery phase of this case, including but not limited to a <u>detailed</u> deposition schedule of fact and expert witnesses, including date, time and location for each deposition. By November 30, 2018, the parties shall file a joint motion informing the court of the detailed lists of discovery matters that have been done and that remain to be done, with the proposed, final schedule. The court will not extend the deadline for this joint motion that is due on November 30, 2018. Failure to file the same in a timely manner will result in the imposition of sanctions.

If the parties fail to reach a consensus on a particular discovery dispute, they shall also include that matter in the joint motion. However, the parties are hereby put on notice that if the court determines than an objection or dispute has no justification or is the result of bad faith or is frivolous, the court will not hesitate to impose severe sanctions on the parties or the attorneys, monetary or otherwise (including but not limited to the exclusion of evidence at trial). Today the parties have only received an admonishment. The next time the parties should not expect the same degree of leniency.

On January 31, 2019, this case will turn two years old. The fourth proposed amendment to the discovery timetable should keep this in mind. Therefore, unreasonably long extension requests will be summarily denied. This is not an invitation to re-start and re-open discovery from ground zero. If the court perceives gamesmanship from one or both sides, the court will impose its own discovery timetable without the attorneys' input. Work it out.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of November, 2018.

s/Marcos E. López<br>U.S. Magistrate Judge